UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA WATERS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WALMART INC.,<br><br>  Defendant. | Case No. 5:20-cv-05664-EJD<br><br>**ORDER GRANTING MOTION TO STAY; TERMINATING MOTION TO STRIKE WITHOUT PREJUDICE TO RENEW**<br><br>Re: Dkt. Nos. 28, 29 |

Plaintiffs bring this action as a mechanism to challenge Walmart's compliance with the Settlement Agreement reached in another case, *Brown et al. v. Walmart*, 09cv3339 EJD, arising from Walmart's alleged failure to provide seating to its front-end cashiers. Plaintiffs have filed a motion for an order to show cause seeking sanctions in *Brown*, claiming that Walmart has violated the Settlement Agreement by failing to properly implement the "Seating Program" contemplated therein.

The complaint in the instant action includes a claim for breach of the *Brown* Settlement Agreement based on Walmart's alleged (1) failure to provide front-end cashiers with suitable seats, (2) imposition of additional burdens to obtain seats, (3) failure to furnish notice of the Seating Program, (4) failure to provide an adequate number of seats, (5) denial of seats to front-end cashiers who requested them, and (6) failure to provide requisite notice of changes to and/or termination of the Seating Program. The complaint also includes a fraud claim based on allegations that Walmart concealed its noncompliance with a Wage Order. The only example of an alleged misrepresentation is that on July 11, 2019, Walmart's counsel stated in a Status Report

Case No.: 5:20-cv-05664-EJD
ORDER GRANTING MOTION TO STAY; TERMINATING MOTION TO STRIKE WITHOUT PREJUDICE

1

that: "Defendant further states that it is implementing the Seating Program in accordance with Section 5.1 of the Settlement Agreement. Notice of the Seating Program was provided as required within 20 days of the Settlement Effective Date, and seats have been made available at all California Walmart retail locations." Compl. ¶ 56.

Pending before the Court are Walmart's (1) motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), or in the alternative to stay the action pending a determination of Plaintiffs' motion in *Brown*, and (2) motion to strike class allegations, prayer for punitive damages, and prayer for attorneys' fees. Dkt. Nos. 28, 29. Plaintiffs filed oppositions to both motions (Dkt. Nos. 34, 35) and Walmart filed replies (Dkt. Nos. 38, 39). The motions are scheduled to be heard on January 21, 2021. The Court finds it appropriate to take the motions under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b) and General Order 72.

District courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, a court should apply the following framework:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Here, Plaintiffs would suffer minimal, if any, hardship or inequity if the Court grants a stay pending resolution of the issues raised by Plaintiffs in *Brown*. On January 6, 2021, the Court issued an Order Denying Motion For an Order to Show Cause in *Brown*. That Order directs Walmart to take certain steps, authorizes a deposition, and sets out a meet and confer process for Plaintiffs to

Case No.: 5:20-cv-05664-EJD
ORDER GRANTING MOTION TO STAY; TERMINATING MOTION TO STRIKE WITHOUT PREJUDICE

2

follow to resolve alleged violations existing now or that may arise in the future.

In contrast, if the Court does not grant a stay, Walmart will be forced to litigate challenges to its compliance with the *Brown* Settlement Agreement in two largely duplicative but separate actions. Proceeding with this litigation also threatens to interfere with the orderly course of justice. As stated previously, the Court's Order sets out a meet and confer process for resolving perceived violations of the Settlement Agreement. The Court expects Plaintiffs to endeavor in good faith to resolve any perceived violations of the Settlement Agreement through collaboration with *Brown*'s Class Counsel and Walmart before engaging in further litigation, whether in *Brown* or in this case.

Finally, the Court notes that Plaintiffs do not argue that they would suffer hardship or inequity from a stay. Nor do they dispute that a stay would promote efficient resolution of overlapping issues in *Brown* and this case.

Accordingly, Walmart's motion to stay is GRANTED. Walmart's motion to strike is terminated without prejudice to renew the motion if and when the stay is lifted.

**IT IS SO ORDERED.**

Dated: January 7, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-05664-EJD
ORDER GRANTING MOTION TO STAY; TERMINATING MOTION TO STRIKE WITHOUT PREJUDICE

3